## 9459

### CAROLINA & N. W. RY. CO. v. FORD *ET AL.*

#### (89 S. E. 809.)

RAILROADS — ACTION TO ESTABLISH EASEMENT — DEFENSE — BURDEN OF PROOF—STATUTE.—Under act December 16, 1851 (12 St. at Large, p. 93), sec. 15, providing that, in the absence of any contract with a railroad in relation to land through which its road passes, it shall be presumed that the land on which the road is constructed, together with 65 feet on each side of the center thereof, has been granted to the company by the owner, a railroad claiming such easement and suing to enjoin a defendant admitted to be the owner of the land through which the railroad ran from preventing the location of a telegraph line for railroad purposes outside the land actually occupied by the roadbed, where the defendant set up a contract limiting the plaintiff to the land actually occupied by the railroad bed and ditches, and where there was no evidence of defendant's recognition of the easement, and where there was evidence that she had prevented encroachments on her land outside of the roadbed, had the burden of proving that there had never been such a contract.

Before HON. C. M. EFIRD, special Judge, York, Fall term, 1914. Reversed.

Action for an injunction by the Carolina & Northwestern Railway Company against Rebecca C. Ford and others. Judgment for plaintiff, and defendants appeal.

*Messrs. John R. Hart* and *G. W. S. Hart,* for appellants. *Mr. John R. Hart* cites: *As to plaintiff's chain of title to alleged right of way:* 23 Stats. 267; 12 Stats. 81; *Ib.* 377; *Ib.* 807. *Procedure for condemnation:* Const. 1868, art I, sec. 22; art. XII, sec. 3; 15 Stats. 394; 14 Stats. 89-92; 3 S. C. 381; 15 S. C. 482; 141 Ala. 332; *Ib.* 338; 52 Ind. 16. *Possession adverse to easement:* 82 S. C. 24; 72 S. C. 263; 67 S. C. 552; 67 S. C. 499; *Ib.* 552; 63 S. C. 268. *Presumption:* 93 S. C. 397; *Ib.* 406; 103 U. S. 603; 11 N. Y. 308; 43 Me. 359; 34 Me. 247; 135 U. S. 660.

*Mr. Geo. W. S. Hart* cites: *As to permissive entry:* 15 S. C. 482. *Issues:* 45 S. C. 282; Matthews Presumptive Ev. (ed. 1836) 8 and 9.

*Messrs. J. H. Marion & J. A. Marion,* for respondent, submit: *The plaintiff bases its claim of title to the lands in dispute on the act of December 19, 1848, chartering the King's Mountain Railroad Company:* 11 Stats. 496; *on act amending charter of King's Mountain Railroad Company, December 16, 1851:* 12 Stats. 81; *on act further amending said charter, dated December 19, 1855:* 12 Stats. 377; *upon the charter of the Chester and Lenoir Narrow Gauge Railroad Company, act of February 26, 1873:* 15 Stats. 393; *together with act of December 16, 1851, the charter of the Northeastern Railroad Company:* 12 Stats. 117; *and act of December 17, 1847, charter of Barnwell Railroad Company:* 11 Stats. 475; and cite: *As to the exclusion of testimony of defendant, which did not directly relate to the par-*

*ticular right of way in controversy:* 31 Cyc. 1654; 73 S. C. 56; 57 S. C. 142; 44 S. C. 81; distinguish 79 S. C. 288. *C. & N. W. Ry. Co. entitled to 65-foot right of way through these lands:* 12 Stats. 81 to 86; 11 Stats. 475 and 496; 12 Stats. 56; 14 Stats. 89. *Constitution of 1868 not retroactive:* 4 S. C. 338; 11 S. C. 73; 8 Cyc. 731, 745, 746, 933; Cooley Const. Lim. (4th ed.) 41, 42, 76, 153; 4 Wheaton 514; 24 S. C. 70; 13 How. 651; 10 Wall. 515; 18 How. 331; 21 Wall. 36; 14 Wall. 661; 32 Ark. 17; distinguish 99 S. C. 348. *Special law:* Black Interpretation of Laws 117; Sedgwick Stat. Const. 98; 44 N. J. L. 165. *Repeats by implication not favored:* 17 Wall. 425; 166 U. S. 601; 160 U. S. 136; 17 How. 85; 3 How. 636; 1 Black 459; 22 How. 299; 5 Wall. 705; 96 U. S. 137; 109 U. S. 536. *Presumption as to permissive entry:* 15 S. C. 482; 12 S. C. 351; 28 S. C. 400. *Limitation of actions:* 42 S. C. 436; 47 S. C. 483; 86 S. C. 268; 94 S. C. 248; 11 Rich. 91; 16 S. C. 422; 69 S. C. 517. *Prescriptive right:* 67 S. C. 517; Jones Easements, sec. 281; 20 Atl. 940; 48 S. W. 258; 3 Lea 478; 45 A. & E. R. R. Cases 549; 13 S. W. 680; 33 S. W. 139; 89 Ind. 501; 11 N. E. 482; 89 S. C. 558; 99 S. C. 299; 83 S. E. 635. *As to adverse possession by defendant:* 60 S. C. 381; 2 Rich. 91; 60 S. C. 266; Lewis Eminent Domain, sec. 586; Cooley Const. Lim. 691; 22 Kan. 285; 10 L. R. A. 855; 79 S. C. 382; 85 S. C. 138; 82 S. C. 5 and 215; 67 S. C. 552; 76 S. C. 26; 3 Strob. 225; 84 S. E. 1009; 25 A. & E. R. R. Cas. 228; 80 S. E. 147, 148; 99 S. C. 299; 43 N. J. L. 605; 11 A. & E. R. R. Cas. 509. *Test of adverse user:* Jones Easements, par. 863; 20 S. E. 725; 37 Pac. 804; 10 Am. Rep. 299. *Abandonment or forfeiture of rights:* 87 S. C. 73; 22 S. C. 541; 33 Cyc. 221; 14 Am. St. Rep. 282; 22 L. R. A. (N. S.) 881; Jones Easements, par. 363 and 869; 64 S. C. 55. *Forfeiture:* Thompson Corp., par. 6593, 6599, 6618; 3 S. C. 407; 9 S. C. 196; 14 A. & E. R. R. Cas. 331; 16 S. E. 402; 51 S. C. 130; 8 Am. St. Rep. 179.

*Mr. J. S. Brice,* also for respondent.

July 13, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for injunction. The plaintiff admits that the defendants are the owners of the land through which it operates its railroad. The plaintiff undertook to put up a telegraph line for railroad purposes along its line of road through defendants' land. The poles were to be located outside of the land actually occupied by the roadbed and drain ditches. The defendants objected, claiming that the railroad company rights are confined to the land actually occupied already. The plaintiff claims as easement for railroad purposes of 65 feet on either side of the center of its track, under its charter. The land sought to be taken is within 65 feet, but outside of the ditches.

The plaintiff alleges that no contract or contracts of any character whatsoever were made by and between the railroad and the owners, and that said owners permitted the said railway company to enter upon the construction of said highway without previous compensation; that after construction of the railroad no demand for compensation was ever made and no condemnation proceedings were ever had. The plaintiff based its right to 65 feet upon the act of the legislature (previous to the Constitution of 1868), which reads as follows:

"In the absence of any contract or contracts with the said company in relation to land through which the said road may pass, signed by the owner thereof, or his agent or any person in possession thereof, which may be confirmed by the owner thereof, it shall be presumed that the land on which the road may be constructed, together with the space of sixty-five deet on each side of the center of said road, has been granted to the said company, by the owner or own-

ers thereof." A limit of two years is fixed for condemnation proceedings by the owner.

"*Provided,* Nothing herein contained shall affect the rights of *feme coverts* or infants until two years after the removal of their respective disabilities."

Act December 16, 1851 (12 St. at Large, p. 93), sec. 15.

The answer contained a general denial, and then an allegation that there was a contract limiting the railroad company to the land actually occupied by the railroad bed and ditches.

The presiding Judge directed a verdict for the plaintiff on the ground that there was no proof of a condemnation or contract, and that under the statute the plaintiff was entitled to the 65 feet claimed in the complaint.

At the time of the construction of the road by the original corporation the defendant and her brother and sisters were infants, but they are said to have had a guardian. There is no evidence that the defendant has ever consented to or recognized an easement in the company to any land beyond that actually occupied, except such consent as may be inferred under the statute by failure to take proceedings in condemnation. There is abundant evidence that the defendant has prevented encroachments on her land outside of the ditches, and there is evidence that plaintiff's agents withdrew from the land when warned by defendant or her agent.

The presiding Judge based his direction of a verdict upon the failure by the owner to prove a condemnation proceeding or contract limiting the easement of the railroad to less than 65 feet.

1. It is an elemental principal of law that, when one claims a right in property, the title to which is admitted to be in another, it is incumbent upon the claimant to show clearly the nature of his right and mark its boundaries. The statute says, in the absence of a contract. The complaint says, there was no contract. This allegation is denied by the answer. If a contract had been made, of course, the

contract fixed the rights of the parties. There is no prescriptive right of way in this case. Mrs. Ford resisted every entry on the land beyond the ditches, and plaintiff's agents withdrew. The plaintiff's right to the easement claimed in this suit depended on a contract or on the fact that no contract had ever existed. There was no attempt to prove either. The absence of a contract from the record proves nothing, as no contracts were recorded. The plaintiff alleged that there was no deed. The defendant denied the allegation. The plaintiff should have proved it. The plaintiff's right to recover depended solely upon the fact that there never had been a contract. It is hard to prove a negative, but plaintiffs sometimes have cases that are hard to prove. It is no harder here than in the case of *Railroad Company* v. *Dawes,* 103 S. C. 510, 88 S. E. 287, where the Court says:

"It is claimed that his Honor was in error in holding that the burden of proving no contract was on the plaintiff. We see no error in this. In the absence of a contract, the presumption is that they acquire what statute provides for subject to the exceptions. If they have a contract, it is in their possession, and whether there is one or not they know better than any one else. Suppose there was a contract in this case between the predecessors of both parties, and it was for less than what the charter provides for, and they failed to record it; it would be preposterous to allow the plaintiff to throw it away and claim under the statute and acquire more than it is entitled to. Whether they have a contract or not they know, or should know, or they could soon ascertain. We see no error on the part of his Honor in his ruling as he did in this matter."

The other exceptions refer to matters of defense, and do not arise until the plaintiff has made a *prima facie* case of no contract.

The judgment is reversed.

MR. JUSTICE GAGE did not participate in the consideration of this case.