SOUTHERN RY. CO. v. BOARD OF COM'RS OF PUBLIC WORKS OF CITY OF UNION, S. C.

(Circuit Court of Appeals, Fourth Circuit. October 9, 1917.)

No. 1517.

1. COURTS ⬤⟿366(7)—PRECEDENTS—FEDERAL COURTS—STATE STATUTES.

The charter of a South Carolina railroad company declares that, in the absence of any written contract between the company and the owner or owners of land through which the railroad may be constructed, it shall be presumed that the land on which the railroad may be constructed, together with 100 feet on each side of the center of such road has been granted, and the company shall have good right and title to the same, and the right of those entitled to the land shall be lost by failure to assert the same for 10 years after construction. The South Carolina Supreme Court in construing and giving effect to a similar provision in other railroad charters declared that there was no presumption that the railroad company entered upon the land and constructed its road without a written contract, and in order for it to maintain the statutory presumption it must show affirmatively that it had no written contract for a right of way. *Held*, that such decisions of the state Supreme Court are binding on the federal courts, and the lessee of the railroad company cannot obtain a right of way 100 feet each way from the center of its road, without

an affirmative showing that it entered and constructed the road without a written contract.

2. RAILROADS ⬦⟳64(2)—CHARTERS—CONSTRUCTION—RIGHTS OF WAY.

Under such charter, the right given cannot be asserted until the absence of a written contract is shown, that being a condition to the assertion of the right, and it is no objection that the railroad company asserting the right is required to prove a negative.

3. RAILROADS ⬦⟳82(2)—RIGHT OF WAY—OCCUPATION.

The operation of a railroad since 1847, the year it was chartered, where it did not continuously occupy as a part of its right of way a strip of land 100 feet on either side from the center of the road, will not establish the company's right to such strip; its charter declaring that, in event the railroad company should enter without a written contract, it should be entitled to such right of way.

4. APPEAL AND ERROR ⬦⟳1046(1)—REVIEW—HARMLESS ERROR—TRANSFER OF CAUSE.

Where plaintiff was in no event entitled to relief, the denial of its motion to transfer the cause to the equity docket and trial with a jury was not prejudicial error, necessitating reversal, for the result would have been the same.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Joseph T. Johnson, Judge.

Action by the Southern Railway Company against the Board of Commissioners of Public Works of the City of Union, S. C. There was a judgment for defendant, and plaintiff brings error. Affirmed.

C. P. Sanders, of Spartanburg, S. C. (Sanders & De Pass, of Spartanburg, S. C., on the brief), for plaintiff in error.

Macbeth Young, of Union, S. C., H. J. Haynsworth, of Greenville, S. C., and P. D. Barron, of Union, S. C. (S. Means Beaty, of Union, S. C., on the brief), for defendant in error.

Before PRITCHARD and WOODS, Circuit Judges, and DAYTON, District Judge.

WOODS, Circuit Judge. In this action for injunction and damages the Southern Railway Company alleges that it has a right of way through the city of Union, S. C., of 100 feet in width on each side of its main track, and that the board of public works of that city has dug up the soil, built houses and fences, and set up hedges thereon, claiming that it was entitled to the use and occupation of the portion of the right of way so used to the exclusion of the plaintiff therefrom. The board of public works in their answer denied that the lands used and the buildings erected by it are embraced in the right of way of the defendant. The cause having been docketed as a law case, plaintiff's counsel moved to transfer it to the equity docket for trial. The motion was denied and the trial took place before a jury. At the conclusion of the evidence in response to motions from both sides for the direction of a verdict, the jury were instructed to find a verdict for the defendant, and judgment was entered accordingly.

[1] The Southern Railway Company, as lessee, is successor to all the rights of the Spartanburg & Union Railroad Company, chartered in 1847. The claim to the right of way of 100 feet in width, including

---

⬦⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the land in controversy, depends on the following provision in the charter of the Spartanburg & Union Railroad Company:

"Sec. XI.   That in the absence of any written contract between the said company and the owner or owners of land, through which the said railroad may be constructed, in relation to said land, it shall be presumed that the land upon which the said railroad may be constructed, together with one hundred feet on each side of the center of said road, has been granted to the said company by the owner or owners thereof, and the said company shall have good right and title to the same (and shall have, hold and enjoy the same) unto them and their successors, so long as the same may be used only for the purpose of the said road and no longer, unless the person or persons to whom any right or title of such lands, tenements or hereditaments descend or come shall prosecute the same within ten years next after the construction of such part or portion of the said road as may be constructed upon the lands of the person or persons so having or acquiring such right to the title as aforesaid, and if any person or persons to whom any right or title to such lands, tenements or hereditaments belong or shall hereafter descend or come, do not prosecute the same within five years next after the construction of the part of the said road upon the lands of the person or persons so having or acquiring such right or title as aforesaid, then he or they and all claiming under him or them shall be forever barred to recover the same."

The plaintiff introduced no evidence tending to show that there was no written contract for a right of way between the Spartanburg & Union Railroad Company, or any successor to its rights, with the owner or owners of land in the town of Union through which the railroad was constructed.   Nor did it prove that the owner of the land which the board of public works have occupied by building and otherwise owned any land through which the railroad was constructed.

The South Carolina Supreme Court, in construing and giving effect to provisions in railroad charters like that above quoted, has held that there was no presumption that the railroad company entered upon land and constructed its road without a written contract, and that, therefore, in order for it to claim the statutory presumption of a grant to it 100 feet in width on each side of the road, it is necessary for it to show affirmatively that it had no written contract for a right of way. The reason for this conclusion is thus stated in Atlantic C. L. R. R. Co. v. Dawes, 103 S. C. 507, 88 S. E. 286:

"In the absence of a contract, the presumption is that they acquire what statute provides for subject to the exceptions.  If they have a contract, it is in their possession, and whether there is one or not they know better than any one else.  Suppose there was a contract in this case between the predecessors of both parties, and it was for less than what the charter provides for and they failed to record it.  It would be preposterous to allow the plaintiff to throw it away, and claim under the statute, and acquire more than it is entitled to.  Whether they have a contract or not, they know, or should know, or they could soon ascertain."

See Carolina & N. W. Ry. Co. v. Ford, 105 S. C. 80, 89 S. E. 809.

If these decisions of the state court are controlling, it would follow that the plaintiff failed to discharge the burden which was upon it of showing that it had no written contract and that its right of way embraced the property which the defendant is occupying and using, and therefore its claim for injunction and damages would fail.

We are unable to take the view that these decisions of the state court are nothing more than ordinary statements of a rule of evidence not

binding on a federal court in an equitable action for injunction. They are adjudications by the highest state court as to the meaning of a state statute, in that they hold that the statute allows to a railroad company the benefit of any presumption of a right of way 200 feet in width only when it establishes as a condition precedent that it constructed its road without a written contract for a right of way. The meaning thus given to the statute by the state court is binding on all federal courts. Bucher v. Cheshire R. R. Co., 125 U. S. 555–582, 8 Sup. Ct. 974, 31 L. Ed. 795.

[2] But, if the construction of the statute were open, it seems to us evident that since the right conferred by the statute cannot arise until the condition upon which it depends has been met, the assertion of the right in an action of injunction must fail unless the condition of absence of a written contract is first proved. It is no valid objection that the plaintiff is required to prove a negative. Chamberlayne on Evidence, § 979.

[3] Nor does the operation of the railroad since 1847, the date of the charter, help the plaintiff. It is true that the original existence of a right at some remote time in the past is presumed when it has been continuously asserted by affirmative action for twenty years. But in this case no continuous occupation of the land in dispute by the railroad, or any other acts showing active assertion of right, were proved. On the contrary, the evidence tends to show that the railroad company acquiesced in the occupancy of the land in dispute by the defendants and their predecessors in title, and encouraged them to construct expensive buildings and place other improvements on the property, which it had every reason to know would not have been placed there, had it asserted a right to have them removed at its discretion. The plaintiff's case failed for lack of evidence that its predecessor in title had no written contract for the right of way. This conclusion renders unnecessary the consideration of the defenses of laches, abandonment, adverse possession, and the question of the competency of the testimony objected to.

[4] It was earnestly insisted in the argument that the District Court was in error in refusing the motion of the plaintiff to transfer the cause to the equity docket and in trying it with a jury. Even if the District Court committed error in this respect, the judgment could not be reversed on that ground, because, if it had been tried on the equity side, the result must necessarily have been a decree for the defendant, which would have been the same practical result as a direction of a verdict for the defendant on the law side. Under the peculiar circumstances of this case, therefore, the question is purely academic and does not require discussion or decision.

Plaintiff did not ask to have the suit dismissed or to discontinue it, and cannot complain that the court directed a verdict in response to requests for a peremptory instruction from both sides.

Affirmed.